When a testator had been in possession of land for forty years, though without written evidence of title, devised it to his son, such devise passed all the possessory title which belonged to the testator.

# Kennedy *vs* Kennedy, &c.

### ERROR TO THE GARRARD CIRCUIT.

#### *Vacant lands.    Possession.    Chancery.*

JUDGE BRECK delivered the opinion of the Court.

WE are not satisfied that John W. Kennedy, the complainant below, showed himself entitled to any relief upon the alledged ground that he had a valid title to the land in contest, under the will of his father. It does not appear that the land was covered by any grant from Virginia or Kentucky, till the defendant, David Kennedy, obtained a patent in 1839. It, however appears, that the father of complainant had been in possession of it, improving and cultivating it for more than forty years before his death; and we have no doubt he intended to devise it, and did devise it, regarding it as a part of his *Tate Cain place*, to the complainant. Whatever right the testator had to the tract, resulting from the possession, improvement, and cultivation thereof, was, under his will, therefore, acquired by the son. The complainant obtained possession after the death of his father, in 1836, and continued in possession till defendant, David Kennedy, made his survey on the 10th December, 1838. Whether the complainant was in the actual possession on that day, or whether the defendant, Woods, had, a few days before, obtained it from complainant, and was at that time in possession, is not, we think, essential to entitle complainant to relief. It is very certain that either complainant or Woods was in possession, and if the latter, that he had acquired it by purchase of the land under complainant, subsequent to the 12th November preceding. On that day the guardian of complainant caused a survey of what was called the *Tate Cain place* to be made, in view of a sale thereof, under a decree of the Garrard Circuit Court. It turned out, upon survey, that about 50 acres of the tract, the land in contest, was not included within the boundary of Tate's patent. The

whole tract, including the 50 acres, was however, sold, and defendant, Woods, became the purchaser. Immediately after the sale, or on the 10th December following, the defendant, David Kennedy, caused a survey of the 50 acres, supposed to be outside of Tate's patent, to be made, in view of its appropriation as vacant land, and obtained a patent from the Commonwealth, in 1839. Woods declining to take any steps for obtaining the land, the complainant subsequently caused a survey to be made and obtained a grant in 1842, and the sale to Woods having been rescinded, the complainant seeks, by this suit, to obtain from defendant, Kennedy, the elder title thus acquired by him.

Under the provisions of the act of 1831, (*Stat. Law,* 1037,) the defendant, Kennedy, had no right to survey and appropriate the land in contest, admitting it to be vacant land, unless he had previously given *three months notice to the occupier, cultivator, or improver, of his intention to take up, enter, survey, or appropriate the same.* No such notice was given by him to the complainant or Woods. The complainant, for three months preceding the survey of the defendant, had a vested preemptive right to appropriate this land, and that right is not destroyed or impaired by the illegal survey of the defendant. Had the requisite notice been given by the defendant, before his survey, the right of appropriation would have been in complainant. The illegal act of defendant did not destroy it—nor did the sale by complainant to Woods destroy it. If *he* declined to avail himself of the preemptive privilege, so as to perfect the title under his purchase from complainant, we think the complainant, for that purpose, might do it. The statute referred to authorizes this construction. It is a salutary and beneficent act, intended and calculated to protect the rights and secure the repose of the community, and an evasion of its provisions ought not to be tolerated by a technical construction.

The rescission of the contract between complainant and Woods, entitles the complainant to a conveyance from defendant, Kennedy, of the elder legal title, which, as we have seen, was illegally and improperly obtained

*By the provision of the statute of 1831, (Statute Law, 1037,) one who is not in possession of vacant land has no right to appropriate it to the exclusion of an occupier, cultivator, or improver, without giving three months notice to such occupier, cultivator, or improver of his intention to take up, enter, survey, or appropriate the same.*

*—And if the elder legal title has been acquired by one without such notice, the Chancellor*

may decree a
surrender to the
person entitled
to such notice.

by him; and it appearing that the defendant, Kennedy, has acquired the possession of the whole or a portion of the tract, we think he should also be decreed to surrender the possession.

It results that the Court below erred in dismissing complainants bill; the decree is, therefore, reversed and the cause remanded for such decree and relief as are indicated by this opinion.

*Robertson, Harlan & Craddock* for plaintiff: *Turner* for defendants.

